RECEIVED

SEP 0 7 2006

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| DALFREY ALEXANDER | CIVIL ACTION NO. 05-1808 |
| VS. | |
| MIKE HOOKS, INC. | MAGISTRATE JUDGE METHVIN<br>BY CONSENT OF THE PARTIES |

## RULING ON MOTION TO COMPEL

Before the court is a Motion to Compel Physical Examination filed by defendant Mike Hooks, Inc. pursuant to Federal Rule Civil Procedure R. 35.[1] Plaintiff, Dalfrey Alexander ("Alexander") filed an opposition and defendant replied.[2]

Alexander alleges that he seriously injured his hand while working for defendant aboard defendant's vessel, East Storte, on October 16, 2002. Alexander has undergone medical treatment by an orthopedist. Defendant seeks an order compelling Alexander to submit to a physical examination by an orthopedist of their choosing, specifically Dr. Donald Faust, on September 12, 2006 at his office in New Orleans, Louisiana. Alexander objects to the examination for the following reasons: 1) labeling the examination as one by an "independent medical examiner" is improper; 2) this is defendant's second physical examination of plaintiff; 3) Dr. Faust's New Orleans location is burdensome on plaintiff's counsel; and 4) Dr. Faust and plaintiff's counsel have personal differences.

Rule 35(a) provides that:

When the mental or physical condition (including the blood group) of a party, or of a person in the custody or under the legal control of a party, is in controversy,

---

[1] Rec. Doc. 17.

[2] Rec. Doc. 20.

> the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner or to produce for examination the person in the party's custody or legal control. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

As held by the United States Supreme Court in <u>Schlagenhauf v. Holder</u>, good cause for a medical examination is provided by the fact that the plaintiff has placed his medical condition at issue. 85 S.Ct. 234, 343, 379 U.S. 104, 13 L.Ed.2d 152 (1964).

Alexander has clearly placed his medical condition at issue by filing a claim for damages and he has sought treatment from an orthopaedist. Further, although Alexander maintains that this is defendant's second request for a physical examination, it is defendant's first. Defendant maintains that Dr. Harold Stokes, who plaintiff claims was the first examiner chosen by defendant, was chosen by Louisiana Worker's Compensation Corporation in connection with plaintiff's claims under the Longshore and Harbor Workers' Compensation Act, and occurred more than two years prior to plaintiff filing the instant suit. Thus, Alexander has not been examined by a physician at the request of the moving party here, nor has he been examined in connection with the pending litigation.

Alexander also objects to defendant's examiner having "some higher status of independent medical examiner above their personally previously selected orthopedic surgeon, Dr. Harold Stokes."[3] As discussed above, this is defendant's first request for an examination and it will not be affected by Dr. Stokes's previous treatment of plaintiff.

---

[3] Rec. Doc. 20 p. 3.

Alexander objects to an examination by Dr. Faust because he is located in New Orleans, which would be inconvenient and costly for plaintiff's counsel, who may have to travel to New Orleans for Dr. Faust's deposition. Alexander argues that it would be more convenient to have the examination in Lafayette, which has several orthopedists. Whether or not plaintiff's counsel is inconvenienced by the possibility of having to travel to New Orleans for a deposition is irrelevant for the purposes of this motion. Instead, the relevant issue is whether it is burdensome on plaintiff to travel to New Orleans for the examination. At the time Alexander filed the Complaint, he was a resident of Orleans Parish. According to defendant, Alexander's deposition was taken in June, 2006 and he testified that he was residing in Springfield, Louisiana with plans to return to New Orleans once his home renovations are completed. Springfield is in Livingston Parish, which is 57 miles from New Orleans and 62 miles from Lafayette.[4] Considering that plaintiff is from Orleans, and he will only be required to travel 57 miles to the examination, and that plaintiff's proposed examination location, i.e., Lafayette, is approximately the same distance as the one requested by defendant, the undersigned concludes that it is not unduly burdensome for plaintiff to travel to New Orleans for the examination.

Alexander's final objection is as follows:

> Plaintiff's attorney has had dealings with defendant's choice, Dr. Faust, in the past in an unrelated case and as a result of this, Plaintiff has serious personal irreconcilable differences with Dr. Faust and believe[s] these differences will prejudice the plaintiff in this case.[5]

---

[4] Information obtained from the Louisiana Department of Transportation and Development.

[5] Rec. Doc. 20, p. 5.

Alexander has not presented any substantive information regarding his belief that Dr. Faust would be prejudiced against plaintiff and would allow his personal differences with plaintiff's counsel to interfere with his professional duties. Absent evidence of Dr. Faust's alleged bias, and considering that Alexander does not dispute Dr. Faust's qualifications, the undersigned concludes that defendant is entitled to obtain a physical examination by Dr. Faust. Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Compel Physical Examination is **GRANTED** and plaintiff shall submit to a physical examination by Dr. Donald Faust at his office in New Orleans, Louisiana on September 12, 2006 at 10:00 a.m.

**IT IS FURTHER ORDERED** that the Clerk shall fax a copy of this ruling to all counsel of record.

Signed at Lafayette, Louisiana on September \_\_\_7\_\_\_, 2006.

COPY SENT:
DATE: 9/7/06
BY: Cmw
TO: Mem
Gabb  } via fax
Guillory }

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, LA 70501
(337) 593-5140   FAX 593-5155